IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**                                          **No. CV 14-0322 RB/LAM**
                                                  **CR 13-1927 RB**

**GUSTAVO QUINTANA-RAMIREZ,**

      **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on April 4, 2014. Plaintiff/Respondent (hereinafter "the Government") filed a response to the § 2255 motion on July 17, 2014 [*Doc. 7*]. No reply has been filed and the time for doing so has passed. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the § 2255 motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-13-1927, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-14-0322 be **DISMISSED with prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-14-0322.

In his Section 2255 motion, Defendant claims that his trial counsel was ineffective for: (1) failing to advise Defendant "of Boykin trial rights, guaranteed to him by the Fifth and [S]ixth amendments" (*Doc. 1* at 4); (2) failing to object to allegations in the presentence worksheet (*id.* at 5); (3) failing to provide Defendant with an opportunity to be heard at sentencing (*id.* at 7); and (4) failing to file a timely notice of appeal (*id.* at 8). Defendant asks the Court to vacate his sentence and allow him to withdraw his guilty plea and proceed to a jury trial. *Id.* at 13.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On June 4, 2013, an Information was filed charging Defendant with Re-entry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b), an offense which occurred on April 26, 2013. [*Doc. 11*, filed in Case No. CR-13-1927]. The same day, Defendant entered into a Fast Track Plea Agreement, pursuant to which he pled guilty to the charge in the Information. [*Doc. 14*, filed in Case No. CR-13-1927, at 2]. In the plea agreement, Defendant agreed to waive any collateral attack to his conviction and the sentence imposed, except on the issue of ineffective assistance of counsel in negotiating or entering into the plea or waiver. *Id.* at 6. On October 24, 2013, the Court sentenced Defendant to 15 months of imprisonment, and recommended that Immigration and Customs Enforcement begin removal proceedings during Defendant's service of the sentence. [*Doc. 19*, filed in Case No. CR-13-1927, at 2].

On April 4, 2014, Defendant appealed his criminal conviction to the Tenth Circuit Court of Appeals (*Doc. 22*, filed in Case No. CR-13-1927), and, on the same day, he filed his § 2255 motion (*Doc. 1*). Defendant's appeal was denied by the Tenth Circuit on April 16, 2014 as being untimely. [*Doc. 29-1*, filed in Case No. CR-13-1927, at 2].

## Discussion

As stated above, Defendant claims that his trial counsel was ineffective for: (1) failing to advise Defendant "of Boykin trial rights, guaranteed to him by the Fifth and [S]ixth amendments" (*Doc. 1* at 4); (2) failing to object to allegations in the presentence worksheet (*id.* at 5); (3) failing to provide Defendant with an opportunity to be heard at sentencing (*id.* at 7); and (4) failing to file a timely notice of appeal (*id.* at 8).

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the Strickland standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687. Both showings must be made to satisfy the Strickland standard. *Id.* To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court does not have to address both prongs of the Strickland standard if Defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

### *1. Failure to Advise Defendant of "Boykin Trial Rights"*

Defendant first contends that his attorney failed to advise him of his "Boykin trial rights, guaranteed to him by the Fifth and [S]ixth amendments, [which] resulted in an unknowing and involuntary guilty plea." [*Doc. 1* at 4]. In response, the Government contends that Defendant was adequately advised of the rights he was giving up by entering a guilty plea, and that Defendant's plea was knowing and voluntary. [*Doc. 7* at 5-6]. The Court agrees with the Government. The holding of *Boykin v. Alabama*, 395 U.S. 238, 242-244 (1969) requires that a trial judge must conduct an on-the-record examination of the defendant to inquire as to whether the defendant's plea is intelligent and voluntary. This inquiry should include questions regarding whether "the defendant understands the nature of the charges, [the defendant's] right to a jury trial, the acts that constitute the offenses for which [the defendant] is charged and the permissible range of sentences." *Id.* at 244 n.7.

Here, the plea agreement which Defendant entered into sets forth the rights Defendant has to a jury trial, to confront and cross-examine witnesses, and against compelled self-incrimination, as well as the range of sentences Defendant faced for this crime. [*Doc. 14*, filed in Case No. CR-13-1927, at 1-2]. Defendant affirmed by his signature to the agreement that it was read to Defendant in the language he understands best, that Defendant has "carefully discussed every part of it with [his] attorney," and that Defendant understood the terms of the agreement and voluntarily agreed to those terms. *Id.* at 8. The plea agreement further states that Defendant's attorney advised him of his "rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into [the] agreement." *Id.* In addition, at the plea hearing, the magistrate judge advised

Defendant of his rights with regard to entering into the plea agreement (*Doc. 33*, filed in Case No. CR-13-1927, at 2-3), and asked Defendant if he understood those rights (*id.* at 5-6). The Court asked Defendant if he understood what he was charged with, the penalties he was facing, and whether he talked to his attorney about the facts and circumstances of his case and about the plea agreement, and Defendant answered "yes" to each question. *Id.* at 6-7. The Court again went through the terms of the plea agreement and possible sentence with Defendant, and Defendant stated that he understood the nature of the charges, his right to a jury trial, the acts that constitute the offense for which he is charged, and the permissible range of sentences. *Id.* at 8-9. For these reasons, the Court finds that Defendant was adequately advised of his rights under the holding of *Boykin*, and his claim for ineffective assistance of counsel for failure to do so is without merit and should be denied.

### 2. Remaining Claims

The Court finds that all of Defendant's remaining claims are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver. *See* [*Doc. 14*, filed in Case No. CR-13-1927, at 6]. The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Defendant's remaining claims are that his attorney was ineffective for failing to object to allegations in the presentence worksheet, failing to provide Defendant with an opportunity to be heard at sentencing, and failing to file a timely notice of appeal. *See* [*Doc. 1* at 5-8]. These claims do not appear to challenge the validity of the plea

agreement and, thus, have been waived. *See Cockerham*, 237 F.3d at 1187 (explaining that only ineffective assistance of counsel claims which challenge the validity of the plea or the waiver may proceed when there has been a valid waiver of collateral challenges in the plea agreement).

To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness. Moreover, Defendant is incorrect in alleging that his counsel did not ensure that Defendant had an opportunity to speak at his sentencing (*Doc. 1* at 7), because Defendant did speak at his sentencing hearing. *See* [*Doc. 32*, filed in Case No. CR-13-1927, at 8] (transcript of sentencing proceedings, wherein Defendant addressed the Court). With regard to Defendant's claim that his counsel failed to file a timely notice of appeal, Defendant fails to state what claims he wanted his counsel to raise on appeal, or how those claims may have affected the outcome of his case, and, therefore, this claim also fails because it is conclusory. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under § 2255). For these reasons, the Court recommends that these claims be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-14-0322 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**